BANK OF HAWAII, a corporation,
Plaintiff

v.

R. S. EMERSON, aka ROBERT S. EMERSON
and YVONNE F. EMERSON, Defendants

Civil No. 99-72
District Court of Guam
July 31, 1972

- - - - -

- - - - -

ABBATE, Judge

### AMENDED JUDGMENT VACATING AND DISSOLVING ATTACHMENT

The motion of defendants to vacate and set aside the Attachment issued by this Court, came on regularly for hearing the 28th day of July, 1972, David M. Shapiro, Esq., appearing for the plaintiff and Joaquin C. Arriola appearing for the defendants, and the Court, having heard the argument and statements of counsel, finds the facts as follows:

1. Defendants are residents of the Territory of Guam and in personam jurisdiction is readily available.

2. On June 29, 1972, plaintiff filed its complaint against defendants on a guaranty instrument, Affidavit for Attachment and Undertaking on Attachment and obtained a Writ of Attachment from this Court.

3. On July 14, 1972, the United States Marshal for the Territory of Guam issued his Notice of Levying on Real Property, and filed the same with the Department of Land Management, Government of Guam, under document No. 114073, on the same date.

4. The filing and recordation of the Notice of Levying on Real Property in the Department of Land Management, Government of Guam, creates a lien on the property of the defendants.

5. The Writ of Attachment and Notice of Levying on Real Property and other proceedings taken with reference to the attachment, were made and issued without notice of any sort to the defendants and without a prior hearing.

6. Defendants were served with summons and complaint, Writ of Attachment and Notice of Levying on Real Property, on July 18, 1972.

As a conclusion of law from the foregoing facts, the Court finds that this prejudgment attachment procedure violates the fundamental principles of due process.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that the Writ of Attachment and the Notice of Levying on Real Property be and same are hereby vacated, set aside and dissolved.

It is further ORDERED that plaintiff pay to defendants their costs.

The Court is of the opinion that he foregoing Order involves a controlling issue of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation.